# Supreme Court of Florida

No. SC2024-0839

### IN RE: AMENDMENTS TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.190.

October 30, 2025

PER CURIAM.

The Criminal Court Steering Committee (CCSC) filed a report proposing amendments to Florida Rule of Criminal Procedure 3.190 (Pretrial Motions).[1] The report was in response to a decision of the Fourth District Court of Appeal related to the time for filing a motion to dismiss based on a claim of "stand your ground" immunity under section 776.032, Florida Statutes. *See Acostafigueroa v. State*, 373 So. 3d 908, 910 (Fla. 4th DCA 2023) (stating that "a motion to dismiss claiming self-defense immunity from prosecution may be entertained at any time before trial pursuant to rule 3.190(c)(3)").

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140.

After considering the CCSC's report, the comments received, the CCSC's response to the comments, and the oral argument held on April 2, 2025, we hereby amend rule 3.190 as proposed by the CCSC in its response to comments, with modification. As rewritten today, the rule requires that a motion to dismiss must be filed by the deadline set by the trial judge or the motion will be dismissed, unless the defendant demonstrates good cause for the delay or that the grounds raised are fundamental. Additionally, the subdivisions discussing motions to suppress evidence and motions to suppress statements are combined into one subdivision. The subdivision on depositions to perpetuate testimony is amended to clarify the requirements of these depositions, and the subdivision on motions to expedite is entirely rewritten.

In adopting these amendments, we modify the CCSC's updated proposal in several respects. First, we modify the CCSC's proposal for subdivision (c) (Time for Moving to Dismiss) to state that the motion must be filed by the deadline set by the trial court. Additionally, we decline to adopt the CCSC's proposed amendments to subdivision (d)(1) requiring sworn facts for all motions to dismiss. In subdivision (d)(2), we add a requirement that any traverse or

- 2 -

demurrer be filed at least two days before any hearing on a motion to dismiss. Finally, we decline to adopt the proposed amendments to subdivision (h)(2) regarding communication technology and decline to adopt the proposed CCSC Note.

The Court hereby amends the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective July 13, 2026. Because the amended rule 3.190(d) (Traverse or Demurrer; Rendition of Order) we adopt today is different than the proposal previously published for comment, interested persons shall have 75 days from the date of this opinion in which to file comments with the Court.[2] The Court specifically invites comment

---

2. All comments must be filed with the Court on or before January 13, 2026, with a certificate of service verifying that a copy has been served on the Committee Chair, Judge Joseph A. Bulone, 14250 49th Street, Chamber 12, Clearwater, Florida 33762, jbulone@jud6.org, and on the OSCA Staff Liaison to the Committee, Bart Schneider, 500 South Duval Street, Tallahassee, Florida 32399, schneidb@flcourts.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until February 3, 2026, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically

on removing the long-standing requirement of a defendant swearing to a motion to dismiss under what was formerly subdivision (c)(4) but is now subdivision (d)(2).

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Criminal Procedure

Judge Joseph A. Bulone, Chair, Criminal Court Steering Committee, Clearwater, Florida, and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

Jason Cromey, Pensacola, Florida, Stephanie McEnery, Fort Pierce, Florida, R. Wayne Richter, Palm City, Florida, and Luke Newman of Luke Newman, P.A., Tallahassee, Florida, on behalf of Florida Association of Criminal Defense Lawyers, Tallahassee, Florida; Katelyn Knaak Johnston, Chair, Criminal Procedure Rules Committee, Jacksonville, Florida, Hon. Laura E. Ward, Past Chair, Criminal Procedure Rules Committee, Tampa, Florida, Richard Mantei of Office of Statewide Prosecution, on behalf of the Criminal

---

filed via the Florida Courts E-Filing Portal (Portal). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927.

Procedure Rules Committee, Jacksonville, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Kelly Smith, Staff Liaison, The Florida Bar, Tallahassee, Florida; Douglas A. Wyler of Jacobs Scholz & Wyler, LLC, Fernandina Beach, Florida, and Brian Haas, State Attorney, Tenth Judicial Circuit of Florida, Bartow, Florida, on behalf of Florida Prosecuting Attorneys Association, Inc., Tallahassee, Florida; Stacy Scott, President, Florida Public Defender Association, Inc., Gainesville, Florida, and John Eddy Morrison, Assistant Public Defender, Eleventh Judicial Circuit of Florida, Miami, Florida, on behalf of Florida Public Defender Association, Inc., Tallahassee, Florida,

Responding with comments

# APPENDIX

## RULE 3.190. PRETRIAL MOTIONS

**(a)** **In General.** Every pretrial motion and ~~every~~ pleading in response ~~to a motion shall~~must be in writing and signed by the party ~~making the motion~~ or the attorney for the party. This requirement may be waived by the court for good cause shown. Each motion or ~~other~~ pleading ~~shall~~must state the ground or grounds on which it is based. A copy ~~shall~~must be served on the adverse party. A certificate of service must accompany the filing of any pleading.

**(b)** **Motion to Dismiss; Grounds.** All defenses available to a defendant by plea, other than not guilty, ~~shall~~must be made ~~only~~ by motion to dismiss the ~~indictment or information~~charging document, whether the same ~~shall~~ relates to matters of form, substance, former acquittal, former jeopardy, or any other defense, including immunity under section 776.032, Florida Statutes.

**(c)** **Time for Moving to Dismiss.** ~~Unless the court grants further time, the defendant shall move to dismiss the indictment or information either before or at arraignment. The court in its discretion may permit the defendant to plead and thereafter to file a motion to dismiss at a time to be set by the court. Except for objections based on fundamental grounds, every ground for a motion to dismiss that is not presented by a motion to dismiss within the time provided herein, shall be considered waived. However, the court may at any time entertain a motion to dismiss on any of the following grounds:~~

~~(1) The defendant is charged with an offense for which the defendant has been pardoned.~~

~~(2) The defendant is charged with an offense for which the defendant previously has been placed in jeopardy.~~

~~(3) The defendant is charged with an offense for which the defendant previously has been granted immunity.~~

~~(4) There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.~~

~~The facts on which the motion is based should be alleged specifically and the motion sworn to.~~

The court must dismiss any motion not filed before the deadline set by the court, unless the defendant demonstrates good cause for the delay, or the motion is based on fundamental grounds.

**(d)     Traverse or Demurrer; Rendition of Order.** ~~The state may traverse or demur to a motion to dismiss that alleges factual matters. Factual matters alleged in a motion to dismiss under subdivision (c)(4) of this rule shall be considered admitted unless specifically denied by the state in the traverse. The court may receive evidence on any issue of fact necessary to the decision on the motion. A motion to dismiss under subdivision (c)(4) of this rule shall be denied if the state files a traverse that, with specificity, denies under oath the material fact or facts alleged in the motion to dismiss. The demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss.~~

(1)     *Evidentiary Hearing.* The court may receive evidence on any issue of fact necessary to decide the motion.

(2)     *Claim of Undisputed Material Facts; Traverse or Demurrer.* The defendant may file a motion to dismiss on the basis that there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt. At least two days before any hearing on the motion, the state may file a traverse or a demurrer. In considering the motion, the court must presume that factual matters alleged in it are true unless the state specifically denies them in the traverse. A traverse must be sworn and may allege additional material facts. The court must deny the motion to dismiss if, in its traverse, the state presents sworn evidence establishing with specificity the existence of a material disputed fact.

- 7 -

(3) *Rendition.* If the court decides to grant a motion to dismiss, it must, upon request by either party, and prior to the attachment of jeopardy, render a written order containing findings of fact and conclusions of law.

**(e)** **Effect of ~~Sustaining~~Granting a Motion to Dismiss.** If the motion to dismiss is ~~sustained~~granted, the court may order that the defendant be held in custody or admitted to bail for a reasonable specified time pending the filing of a new ~~indictment or information~~charging document. If a new ~~indictment or information~~charging document is not filed within the time specified in the order, or within such additional time as the court may allow for good cause shown, the defendant, if in custody, ~~shall~~must be ~~discharged~~released, unless some other charge justifies a continuation in custody. If the defendant has been released on bail, the defendant and the sureties ~~shall~~must be exonerated; if money or bonds have been deposited as bail, the money or bonds ~~shall~~must be refunded.

**(f)** **Motion for Continuance.**

(1) – (3) [No Change]

(4) *Certificate of Good Faith.* A motion for continuance ~~shall~~must be accompanied by a certificate of the movant's counsel that the motion is made in good faith.

(5) [No Change]

**(g)** **Motion to Suppress Evidence ~~in Unlawful Search~~or Statements.**

(1) *Grounds.* A defendant ~~aggrieved by an~~who claims that the state obtained evidence as a result of an unlawful search ~~and~~or seizure by a government agent or who claims that the state obtained statements unlawfully from the defendant may move to suppress ~~anything so obtained for use as evidence because:~~such evidence.

(A) the property was illegally seized without a warrant;

- 8 -

(B) the warrant is insufficient on its face;

(C) the property seized is not the property described in the warrant;

(D) there was no probable cause for believing the existence of the grounds on which the warrant was issued; or

(E) the warrant was illegally executed.

(2) *Contents of Motion.* Every motion to suppress evidence shallmust state clearly the particular evidence or statements sought to be suppressed, the reasons for suppression, and a general statement of the facts on which the motion is based.

(3) *Hearing.* Before hearing evidence, the court shallmust determine if the motion is legally sufficient. If it is not, the motion shallmust be denied. If the court hears the motion on its merits, the defendant shall present evidence supporting the defendant's position and the state may offer rebuttal evidence.The court may receive evidence on any issue of fact necessary to be decided to rule on the motion.

(4) *Time for Filing.* TheA motion to suppress shall be mademust be filed before trial or before a deadline set by the trial judge unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court may entertain the motion or an appropriate objection at the trialthere is good cause for the delay or the state does not object.

(5) *Rendition.* If a motion to suppress is granted, upon request by either party, the judge must render a written order containing findings of fact and conclusions of law before jeopardy attaches.

**(h)   Motion to Suppress a Confession or Admission Illegally Obtained.**

(1) *Grounds.* On motion of the defendant or on its own motion, the court shall suppress any confession or admission obtained illegally from the defendant.

- 9 -

(2) *Contents of Motion.* ~~Every motion made by a defendant to suppress a confession or admission shall identify with particularity any statement sought to be suppressed, the reasons for suppression, and a general statement of the facts on which the motion is based.~~

(3) *Time for Filing.* ~~The motion to suppress shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion or an appropriate objection at the trial.~~

(4) *Hearing.* ~~The court shall receive evidence on any issue of fact necessary to be decided to rule on the motion.~~

(~~i~~h) ~~Motion to Take~~ Deposition**s** to Perpetuate Testimony.

(1) *Motion.* After the filing of ~~an indictment or information on which a defendant is to be tried~~a charging document, the defendant or the state may ~~apply~~move for an order to perpetuate testimony. The ~~application shall~~motion must be verified or supported by the affidavits of credible persons that a prospective witness resides beyond the territorial jurisdiction of the court or may be unable to attend or be prevented from attending a trial or hearing, that the witness's testimony is material, and that it is necessary to take the deposition to prevent a failure of justice. ~~The court shall order a commission to be issued to take the deposition of the witnesses to be used in the trial and that any nonprivileged designated books, papers, documents, or tangible objects be produced at the same time and place. If the application is made within 10 days before the trial date, the court may deny the application.~~A party opposing the motion must object and the court may hear evidence to determine whether to grant or deny the motion. The court may, even in the absence of opposition, deny a motion to perpetuate testimony that is filed within 10 days of the trial date, absent a showing of good cause by the movant.

(2) *Transcription.* If the defendant or the state desires to perpetuate the testimony of a witness living in or out of the state

- 10 -

whose testimony is material and necessary to the case, the same proceedings shall be followed as provided in subdivision (~~i~~h)(1), but the testimony of the witness may be taken before an official court reporter, transcribed by the reporter, and filed in the trial court.

(3) *Notice; Presence of Defendant; Expenses; State Witness Statements.* ~~If the deposition is taken on the application of the state, the defendant and the defendant's attorney shall be given~~The state, the defendant, and the defendant's attorney must be given reasonable notice of the time and place set for the deposition. ~~The~~An officer having custody of ~~the~~a defendant ~~shall~~must be notified of the time and place and ~~shall~~must produce the defendant at the examination and keep the defendant in the presence of the witness during the examination. A defendant not in custody may be present at the examination, but the failure to appear after notice and tender of expenses ~~shall~~ constitute~~s~~ a waiver of the right to be present. ~~The~~If the state moved to perpetuate the testimony and if the deposition to perpetuate testimony is not done remotely, the state ~~shall~~must pay to the defendant's attorney and to a defendant not in custody the expenses of travel and subsistence for attendance at the examination. The state ~~shall~~must make available to the defendant for examination and use at the deposition any statement of the witness being deposed that is in the possession of the state and that the state would be required to make available to the defendant if the witness were testifying at trial.

(4) ~~The application and order to issue the commission may be made either in term time or in vacation. The commission shall be issued at a time to be fixed by the court.~~*Presence of Judge or Commissioner.* Unless the parties agree otherwise, the trial judge or a commissioner appointed by the trial judge must be present during the deposition to preside and make rulings on evidentiary objections.

(5) *Rules; Oath, Purpose.* Except as otherwise provided in this rule or in caselaw, the rules of civil procedure governing the taking ~~and filing~~ of oral depositions~~, the objections thereto, the issuing, execution, and return of the commission, and the opening~~

- 11 -

of the depositions in civil actions shall apply ~~in criminal cases~~for depositions to perpetuate testimony. Witnesses testifying during a deposition to perpetuate testimony must be placed under oath such that they are subject to perjury. If admissible, a deposition to perpetuate testimony taken under this rule is substantive evidence. Discovery depositions under Florida Rule of Criminal Procedure 3.220 do not qualify as depositions to perpetuate testimony.

(6) *Prohibited Use.* ~~No deposition shall be used or read into evidence~~A deposition to perpetuate testimony is inadmissible when the attendance of the witness can be procured, unless the witness testifies in court and the deposition to perpetuate testimony is used for an otherwise permissible purpose. ~~If~~The deposition is inadmissible if the court determines that any person whose deposition has been taken is absent because of procurement, inducement, or threats ~~of any person on behalf of the state or of the defendant or of any person on the defendant's behalf,~~by the party seeking admission or by any person on behalf of the party seeking admission of the deposition~~the deposition shall not be read in evidence on behalf of the defendant~~. A deposition to perpetuate testimony is to be read or played for the factfinder. A transcript or audio or visual recording of the deposition to perpetuate testimony must not be admitted into evidence.

**(~~j~~i)** **Motion to Expedite.** ~~On motion by the state, the court, in the exercise of its discretion, shall take into consideration the dictates of sections 825.106 and 918.0155, Florida Statutes (1995).~~ On motion by the state and in accordance with section 825.106, Florida Statutes, the court must consider advancing a case on the trial docket if the alleged victim is an elderly person or a disabled adult. Prosecutions under chapter 782, chapter 784, chapter 787, chapter 794, chapter 796, chapter 800, chapter 827, or chapter 847 that involve the abuse of a child or unlawful sexual contact or acts performed in the presence of, with, or upon a child under the age of 16 must be heard and disposed of as expeditiously as possible in accordance with section 918.0155, Florida Statutes.

**Repeal**

[No Change]

**Committee Notes**

[No Change]